UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DIANA DANNENFELSER,

                      Plaintiff,

-against-

FLEXI NORTH AMERICA, LLC, FLEXI-
BOGDAHN INTERNATIONAL GMBH & CO.
KG, and PETCO ANIMAL SUPPLIES STORE,
INC. d/b/a PETCO,

                      Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-6608(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this in this personal injury and products liability action is Defendant Flexi North America, LLC's ("Flexi") renewed motion to dismiss Plaintiff Diana Dannenfelser's ("Plaintiff" or "Dannenfelser") Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *See* Docket Entry ("DE") [70]. The motion is denied.[1]

In this Court's February 15, 2024 Memorandum and Order (the "February 15 Order"), the Court: (1) denied Flexi's motion to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction; (2) denied Defendant Flexi-Bogdahn International GMBH & Co. KG's ("Bogdahn") motion to dismiss for lack of personal jurisdiction subject to renewal upon the completion of limited jurisdictional discovery;

---

[1] The complete factual background of this matter, as well as the relevant law applicable to Defendants' motions to dismiss for lack of personal jurisdiction and the bases for exercising long-arm jurisdiction under New York law, are discussed at length in the Court's February 15 Order and are incorporated herein by reference. *See* DE [51].

1

and (3) granted Dannenfelser's cross-motion seeking jurisdictional discovery with respect to Bogdahn. DE [51]. The February 15 Order did not provide for jurisdictional discovery with respect to Flexi, nor did Flexi seek it. *Id.* at 10 ("As to Bogdahn, its 12(b)(2) motion is denied with leave to be resubmitted, if appropriate, after the completion of limited jurisdictional discovery . . . ."). In fact, Flexi opposed limited jurisdictional discovery. DE [41] at 30-31.

At an October 29, 2024 status conference, Plaintiff's counsel stated that Plaintiff intended to voluntarily dismiss Bogdahn as a Defendant. DE [66]. Thereafter, and even though the Court's prior Order only provided leave for Bogdahn to file a renewed motion to dismiss, on December 20, 2024, Flexi filed a fully briefed motion to dismiss for lack of personal jurisdiction. DE [70]. On January 16, 2025, Plaintiff voluntarily dismissed Bogdahn. DE [72].

Even disregarding that the Court did not grant Flexi leave to file a renewed motion to dismiss, Flexi has offered no law or facts that are inconsistent with the February 15 Order. Instead, Flexi relies upon the previously submitted Declaration of its Managing Director, Koert Dekker, which the Court considered and cited extensively in the February 15 Order, *see* DE [51] at 4-6, 17, 19, 22, as well as responses to interrogatories and document requests that are consistent with the Court's prior holding that the use of Amazon and other online retailers to extend market reach throughout the country constitutes transacting business in New York sufficient to establish personal jurisdiction, regardless of how the sales are ultimately fulfilled. *See, e.g.*, *Lifeguard Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15

Civ. 8459(LGS), 2018 WL 3364388, at *3 (S.D.N.Y. July 9, 2016) (holding that personal jurisdiction existed where orders were shipped and fulfilled by Amazon, rather than the defendant); *EnviroCare Techs., LLC v. Simanovsky*, No. 11-CV-3458(JS)(ETB), 2012 WL 2001443, at *4 (E.D.N.Y. June 4, 2012) (same). Therefore, even if the February 15 Order was intended to allow for jurisdictional discovery with respect to Flexi, Flexi has failed to identify any facts that change the Court's analysis in that Order.

Accordingly, and for the reasons set forth in the Court's February 15, 2024 Memorandum and Order, DE [51], Flexi's motion to dismiss for lack of personal jurisdiction, DE [70], is again denied. The dates in the January 14, 2025 scheduling order stand.

Dated:     Central Islip, New York
              April 21, 2025      **SO ORDERED**

                                                <u>/s/ Steven I. Locke</u>
                                                STEVEN I. LOCKE
                                                United States Magistrate Judge